STATE v. CARL GREEN COLLINS.

(Filed 10 November, 1965.)

APPEAL by defendant from *Bailey, J.*, April, 1965 Special Session, WAKE Superior Court.

This criminal prosecution originated by bill of indictment returned by the Wake County Grand Jury charging the defendant with operating a motor vehicle upon the public highways at a speed of 90 miles per hour in a 60-mile per hour zone. The defendant, through counsel, entered a plea of not guilty. The record and the addendum thereto disclose a lawful jury was impaneled and after hearing the evidence returned a verdict of guilty. From judgment on the verdict, the defendant appealed.

*T. W. Bruton, Attorney General, Bernard A. Harrell, Assistant Attorney General for the State.*
*Earle R. Purser for defendant appellant.*

PER CURIAM. The officer testified that the defendant operated his vehicle on Public Highway No. 64 near Apex at a speed in excess of 90 miles per hour in a zone in which the authorities had posted a maximum speed limit of 60 miles per hour. The officer used a speed testing device consisting of a battery, cables, and stop clock. The device was tested for accuracy just before and shortly after the defendant crossed this testing device. The test showed the measurements and timing to be accurate, the operator to be experienced and accurate in its use. The defendant testified, denying that he was operating the speeding vehicle, but that a driver at an excessive speed passed him going in the same direction shortly before the officers overtook and stopped him, and that the officer's identification

of his vehicle was a mistake. He offered a photograph of the road over which the officer followed him, which the court excluded. If we may assume there was technical error in not permitting the defendant to offer the photograph for the purpose of illustrating his testimony, the error is not deemed prejudicial. The officer's testimony and the defendant's as to the identity of the vehicle and driver were in direct conflict. On the question of identity of a vehicle and driver, a photographic illustration of the highway was not of material consequence. The evidence essentially presented a question of fact which the jury resolved against the defendant.

No error.